**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4469-18T3

GANGULY'S TAEKWONDO
ACADEMY, INC., d/b/a
GANGULY'S MIXED
MARTIAL ARTS,

     Plaintiff-Appellant,

v.

JAL INSURANCE SERVICES,

     Defendant-Respondent,

and

JOHN A. LOMBARDO,

     Defendant.

_____

        Submitted June 2, 2020 – Decided July 10, 2020

        Before Judges Yannotti and Hoffman.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1979-18.

        Stuart P. Schlem, attorney for appellant.

Lydecker Diaz, attorneys for respondent (Robert J. Pariser, of counsel and on the brief; Michael Ian Goldman, on the brief).

PER CURIAM

Plaintiff appeals from an order entered by the trial court on May 10, 2019, which dismissed its complaint for failure to comply with the Affidavit of Merit (AOM) statute, N.J.S.A. 2A:53A-26 to -29. We affirm.

I.

In June 2018, plaintiff filed a complaint against JAL Insurance Services, Inc. (JAL).[1] According to the complaint, plaintiff operates a martial arts academy in Ocean Township, New Jersey. Plaintiff alleges that under the terms of its lease, it is responsible for maintaining the interior plumbing of the premises. In May 2010, plaintiff applied for insurance through defendant, which is a risk management firm.

Plaintiff claims that when it applied for the insurance, its President, B.J. Ganguly, was aware that plaintiff had to obtain insurance covering the contents of its premises because friends and acquaintances suffered damage to their

---

[1] Plaintiff also named John A. Lombardo, President and principal shareholder of JAL, as a defendant. Plaintiff later dismissed all claims against Lombardo. Therefore, in this opinion, any reference to defendant is a reference to JAL.

businesses due to Hurricane Katrina. Mr. Ganguly allegedly made these concerns known to defendant's representatives.

On June 24, 2010, General Insurance Company of America (GICA) issued an insurance policy to plaintiff. Plaintiff claims that Mr. Ganguly believed the policy provided coverage for damage to the premises and business property. The GICA policy was renewed each year thereafter. On October 29, 2012, Superstorm Sandy struck New Jersey, including the area along the New Jersey shore where plaintiff's business is located. Plaintiff claims that after the storm, Mr. Ganguly again informed defendant's representatives that plaintiff needed coverage for property damage.

Plaintiff alleges that on May 10, 2017, it renewed the GICA policy through JAL. Plaintiff further alleges that on December 30, 2018, a pipe burst in the bathroom of its leased premises, which caused damage to the premises and business personal property. Plaintiff submitted a claim to GICA; however, GICA informed plaintiff that the policy did not cover plaintiff's business property.

Plaintiff alleges that defendant owed it a duty to provide accurate advice and information regarding the available insurance, and to procure policies with the coverages that plaintiff had requested. Plaintiff claims defendant breached

3

that duty by failing to obtain for plaintiff a policy containing insurance coverage for its business personal property. It also claims defendant breached that duty by failing to review the GICA policy to ensure the policy included the coverages it requested.

Plaintiff further alleges defendant owed it a duty to provide it with options for suitable insurance coverage for its premises and business personal property. It claims defendant knew or should have known that such coverage was available in the insurance marketplace. Plaintiff claims defendant breached this duty by failing to provide options for suitable coverage and advising plaintiff to seek such coverage.

In addition, plaintiff claims defendant knew or should have known the GICA policy did not provide insurance coverage for plaintiff's premises and business personal property. It alleges defendant had a duty to inform plaintiff that its policy did not contain such coverage, which Mr. Ganguly told defendant's representatives he needed. Plaintiff alleges that, as a result of defendant's breach of this duty, the GICA policy did not provide insurance coverage for damage to its premises and business personal property.

With its complaint, plaintiff served defendant with an AOM executed by David H. Paige. In the AOM, Paige stated he was a licensed insurance broker

4

in the States of New York and New Jersey. He said he previously "operated regional and national insurance brokerages with offices in New York and New Jersey . . . ." He stated that he was "familiar" with the placement of the type of insurance relevant to this action. He also stated he was licensed to practice law in the State of New York.

Paige further stated he was "familiar with the placement of insurance, the reasonable provision of advice and counseling to clients (including [advice] concerning the type of insurance at issue in this case), and brokers' roles regarding the placement of insurance for businesses in New York and in New Jersey . . . ." He asserted that his familiarity with the placement of insurance was based on his personal experience as an executive officer of several insurance brokerage firms.

Paige also stated that he had obtained experience and knowledge relevant to plaintiff's claims as a result of his work "by and for" insurance brokerages as an attorney and a member of the board of an entity called Professional Insurance Agents of New York and New Jersey. He said he wrote numerous articles about errors and omission issues that appeared in a publication called Professional Insurance Agency.

Paige also said he had reviewed the complaint. He asserted that

[b]ased on [his] understanding of the facts alleged in the [c]omplaint, and assuming that the allegations of the [c]omplaint are accurate and true, and based upon [his] knowledge and expertise in the field of insurance, there exists a reasonable probability that the care, skill or knowledge exercised or exhibited by [d]efendant[] in the practice of insurance brokerage that is the subject of the complaint fell outside of the acceptable professional or occupational standards or practices for professional insurance brokers in the State of New Jersey.

Defendant filed its answer on August 22, 2018, and thereafter served plaintiff with a demand for answers to interrogatories and a notice to produce documents. On January 21, 2019, plaintiff produced an email from an employee of defendant, who stated that defendant had always offered plaintiff the option to add coverage for property to its policy. However, plaintiff denies defendant ever said it did not have such coverage or offered such coverage.

On October 23, 2018, an employee of the court conducted a case management conference, pursuant to Ferreira v. Rancocas Orthopedic Associates, 178 N.J. 144, 154-55 (2003). During the conference, defendant's attorney objected to Paige's AOM on the ground that Paige was not a licensed insurance producer. Counsel asserted that records obtained from state agencies in New Jersey and New York indicated that Paige's licenses had expired several

A-4469-18T3

years earlier. Plaintiff's attorney maintained that Paige's AOM met the requirements of the AOM statute.

The court employee adjourned the case management conference to afford the parties an opportunity to resolve the dispute concerning the AOM. The parties thereafter informed the court employee they were not able to resolve the dispute. The court employee told the parties he would inform the judge assigned to the case of the dispute concerning the validity of the AOM. The court did not schedule another case management conference to address the issue, and plaintiff did not serve another AOM.

In April 2015, defendant filed a motion to dismiss the complaint, arguing that plaintiff had not complied with the AOM statute. Plaintiff opposed the motion. After hearing oral argument, the judge granted defendant's motion and dismissed the complaint with prejudice. The judge memorialized his decision in an order dated May 10, 2019. This appeal followed.

II.

On appeal, plaintiff argues that the Law Division judge erred by dismissing its complaint. Plaintiff contends Paige's AOM met the requirements of the statute. He also contends dismissal of the complaint was not warranted

because the judge did not conduct the case management conference required by Ferreira.

The AOM statute provides in pertinent part that, in an action for malpractice by a licensed person in his profession or occupation, the plaintiff must provide the defendant with "an affidavit of an appropriate licensed person" stating that "there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A-27. Under N.J.S.A. 2A:53A-26, a "licensed person" includes a person who is licensed as an insurance producer.

The AOM is due within sixty days after defendant files its answer but may be filed within 120 days "upon a finding of good cause." N.J.S.A. 2A:53A-27; Burns v. Belafsky, 166 N.J. 466, 475-77 (2001) (noting that motion to extend the deadline may be made at any point in the 120-day period). Failure to serve the required AOM is deemed to be a "failure to state a cause of action." N.J.S.A. 2A:53A-29. A party's lack of compliance with the AOM statute ordinarily results in the dismissal of the complaint with prejudice. Meehan v. Antonellis,

226 N.J. 216, 228 (2016) (citing Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243 (1998)).

In this case, plaintiff has asserted claims of professional negligence, alleging defendant breached duties owed by failing to: provide accurate information concerning possible insurance coverage, obtain the insurance coverage requested, and inform plaintiff that its policy did not provide insurance coverage for damage to its business property. These are claims of professional negligence for which an AOM is required. See Triarsi v. BSC Group Servs., LLC, 422 N.J. Super. 104, 115-16 (App. Div. 2011) (holding that an AOM was required for claims that insurance broker and agent breached duties to inform the insured of impending cancellation of policy and advise how to maintain or reinstate the policy).

As we noted previously, N.J.S.A. 2A:53A-27 requires a plaintiff asserting a claim of professional malpractice to provide an AOM from "an appropriate licensed person." Here, it is undisputed that at the time Paige provided the AOM, he was not licensed in New Jersey or New York as an insurance producer or broker. Plaintiff argues that Paige has the necessary experience in the field of insurance brokerage and such experience satisfies the requirements of the AOM statute. We disagree.

N.J.S.A. 2A:53A-27 states that in medical malpractice actions, the person executing the AOM must meet the requirements set forth in N.J.S.A. 2A:53-41. The statute also states that:

> In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular experience in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.
>
> [N.J.S.A. 2A:53A-27.]

We have held that the person providing the AOM must possess the same category of professional license as the defendant and satisfy the additional criteria of having "particular expertise in the general area or specialty involved in the action . . . ." Hill Int'l, Inc. v. Atlantic City Bd. of Ed., 438 N.J. Super. 562, 588 (App. Div. 2014) (quoting N.J.S.A. 2A:53A-27). We have observed that "[t]he 'particular expertise' requirement is an additional, not an alternative, essential qualification." Ibid.

Plaintiff further argues that the Legislature never intended that the AOM statute would result in the dismissal of a complaint under the circumstances

presented in this case. In support of this contention, plaintiff notes that in Ferreira, the Court commented that the AOM "statute was not intended to encourage gamesmanship or a slavish adherence to form over substance." Ferreira, 178 N.J. at 154.

However, requiring an AOM from a person who has a current, effective license in the same profession as the defendant does not constitute a "slavish adherence to form over substance." Ibid. The AOM statute expressly requires the claimant to furnish an AOM from an "appropriate licensed person." N.J.S.A. 2A:53A-27. A person, like Paige, whose license as an insurance producer has lapsed, is not an "appropriate licensed person" under the statute.

Plaintiff also contends that the trial court did not conduct the case management conference required by Ferreira because a court employee conducted the conference. Plaintiff notes that, at the conference, defendant's attorney argued that Paige's AOM did not satisfy the statutory requirements. As we have explained, the court's employee adjourned the conference to give the parties time to resolve the dispute as to the validity of the AOM, but they were unable to do so.

Plaintiff notes the judge did not schedule another case management conference to address the issue, and plaintiff did not serve a new AOM from "an

11

appropriate licensed person." Plaintiff contends defendant waited until the time for filing an AOM had expired before filing their motion to dismiss. Plaintiff asserts this is the sort of "gamesmanship" the Ferreira Court intended to avoid.

Plaintiff's argument lacks merit. The purpose of the Ferreira conference is for the court and the parties to raise and address issues pertaining to the sufficiency of an AOM. A.T. v. Cohen, 231 N.J. 337, 346 (2017); Ferreira, 178 N.J. at 155. Here, the court's employee conducted the Ferreira conference on October 23, 2018, and defendant's attorney asserted that the AOM was deficient because Paige was not an "appropriate licensed person," as required by N.J.S.A. 2A:53A-27.

The record shows that plaintiff had until December 20, 2018, to provide an AOM that complied with the statute but did not do so. Defendant waited until the time for serving the AOM expired before filing its motion to dismiss. By doing so, defendant was not engaging in the sort of "gamesmanship" the Court in Ferreira intended to avoid.

Here, defendant gave plaintiff time in which to serve an AOM that complied with the statute. Defendant never indicated it no longer objected to Paige's AOM, and it never led plaintiff to believe it would not seek dismissal of the complaint for failure to comply with the AOM statute.

A-4469-18T3

III.

Plaintiff argues that dismissal of its complaint was not warranted because it substantially complied with N.J.S.A. 2A:53A-27. "A complaint will not be dismissed if the plaintiff can show that he . . . substantially complied with the statute." Ferreira, 178 N.J. at 151 (citations omitted).

The doctrine of substantial compliance applies when a party establishes the following:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of [the plaintiff's] claim; and (5) a reasonable explanation why there was not strict compliance with the statute.
>
> [Ibid. (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353, 347-48 (2001)).]

Here, the motion judge determined that plaintiff did not establish the criteria for substantial compliance with the AOM statute. The judge stated that defendant was prejudiced by plaintiff's failure to serve an AOM that complied with the statute. The judge correctly noted that defendant would be prejudiced because plaintiff did not have an "appropriate licensed person" attest to the "reasonable probability" of professional negligence on the part of defendant, as

alleged in the complaint. Id. at 150 (citing N.J.S.A. 2A:53A-27; Palanque v. Lambert-Woolley, 168 N.J. 398, 404 (2001)).

Moreover, plaintiff did not establish that it took steps required to comply with the statute, even after defendant objected to the AOM it had furnished on the ground that Paige was not an "appropriate licensed person." As noted previously, after the October 23, 2018 conference, plaintiff had sufficient time to provide an AOM that met the statutory requirements but failed to do so.

The judge found that plaintiff also did not show that providing an AOM from a person who did not have the "appropriate" license would constitute general compliance with the purpose of N.J.S.A. 2A:53A-27. In addition, the judge found that plaintiff did not provide a reasonable explanation for its failure to provide an AOM that complied with the statute.

We are convinced the record supports the findings of the motion judge. The judge correctly found that plaintiff failed to show that it substantially complied with the AOM statute.

IV.

Plaintiff also argues that an AOM is not required because an expert would not be required to support its negligence claims at trial. Plaintiff contends the

common-knowledge doctrine applies and relieves it of any obligation to comply with the AOM statute.

In Hubbard v. Reed, 168 N.J. 387, 394 (2001), the Court held that an AOM is not required in so-called common-knowledge cases. In such matters, an expert is not required to establish the duty of care or the breach of that duty. Ibid. The common-knowledge doctrine applies when jurors can determine a defendant's negligence based on their common knowledge, using their "ordinary understanding and experience . . . ." Ibid.

As stated previously, in its complaint, plaintiff has asserted claims of professional negligence. Plaintiff alleges that defendant was negligent because it failed to procure a policy covering damage to its business personal property, which plaintiff allegedly requested, and failed to review the policy to ensure that it contained the requested coverage for property damage.

Plaintiff claims defendant was negligent because it failed to provide plaintiff with options for suitable coverage for its business personal property and did not advise plaintiff to seek such coverage. Plaintiff further alleges defendant failed to advise it that its policy did not provide coverage for its premises and business personal property.

A-4469-18T3

We are convinced that expert testimony is required for such claims. Jurors would not be able to resolve the claims asserted in the complaint "without the benefit of the specialized knowledge of experts." Ibid. (quoting Estate of Chin v. Saint Barnabas Med. Ctr., 160 N.J. 454, 469 (1999)).

Based on their "ordinary understanding and experience," jurors would not be able to determine the duties owed by an insurance broker to its client and whether defendant breached such duties. Hubbard, 168 N.J. at 394; Triarsi, 422 N.J. Super. at 115-16 (holding that expert testimony is required to establish the duties an insurance broker owes a client with regard to payment of renewal premiums, avoidance of cancellation, and reinstatement of policy in the event of cancellation).

We therefore reject plaintiff's contention that the common knowledge doctrine applies to its claims. We conclude N.J.S.A. 2A:53A-27 applies and required plaintiff to serve an AOM from an "appropriate licensed person."

V.

In addition, plaintiff contends the trial court erred by dismissing its complaint with prejudice. As noted previously, a party's failure to comply with the AOM statute is deemed to be a failure to state a cause of action which ordinarily results in the dismissal of the complaint with prejudice. Meehan, 226

16

N.J. at 228; Barow, 153 N.J. at 243. To avoid dismissal with prejudice, a plaintiff must establish extraordinary circumstances. A.T., 231 N.J. at 346 (citing Ferreira, 178 N.J. at 151, 154-55).

Plaintiff contends dismissal of the complaint with prejudice was not warranted because its deviation from the requirements of N.J.S.A. 2A:53A-27 did not reflect negatively on the merits of its claims. It argues dismissal would not advance the statutory goal of eliminating frivolous cases. Plaintiff further argues that, because the trial court never rescheduled and completed the Ferreira conference, it should have been provided an opportunity to obtain a new AOM or Paige should have been given time to renew his licenses.

We are convinced, however, that plaintiff's failure to provide an AOM from an "appropriate licensed person" was not a technical defect but a failure to comply with a clear and unambiguous substantive requirement of the statute. Plaintiff's failure to provide an AOM that complied with N.J.S.A. 2A:53A-27 was tantamount to providing no AOM at all.

Furthermore, as we have explained, a court employee conducted the case management conference as required by Ferreira. At the Ferreira conference, a "defendant will be obliged to bring to the plaintiff's attention any deficiency in

A-4469-18T3

an [AOM] already served in order to give the plaintiff the opportunity to cure the defect within the 120-day period." <u>Knorr v. Smeal</u>, 178 N.J. 169, 182 (2003).

It is undisputed that at the conference, defendant's counsel asserted that Paige's AOM was deficient. Plaintiff had ample time in which to furnish an AOM that complied with the statute but failed to do so. We are convinced that under the circumstances, the judge did not err by dismissing the complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4469-18T3